```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         EASTERN DIVISION
```

| | | |
|---|---|---|
| TIMOTHY C. WATSON, | | |
| Petitioner, | | |
| vs. | | No. 12-1131-JDB-egb |
| MICHAEL DONAHUE, | | |
| Respondent. | | |

```
          ORDER TO CORRECT DOCKET WITH CORRECT RESPONDENT,
             GRANTING MOTIONS TO AMEND AND SUPPLEMENT
                 (DOCKET ENTRIES 9, 23, 25, 26 & 28),
                     DENYING MOTIONS FOR DEFAULT
                       (DOCKET ENTRIES 7 & 21),
                                 AND
                DENYING MOTION TO CORRECT DOCKET AS MOOT
                          (DOCKET ENTRIES 14)
```

On May 23, 2012, Petitioner, Timothy C. Watson, Tennessee Department of Correction ("TDOC") prisoner number 221443, an inmate now confined at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a habeas corpus petition under 28 U.S.C. § 2254. (Docket Entry ("D.E.") 1.) The Clerk shall update the docket to record the respondent as Michael Donahue.[1]

On August 30, 2012, November 9, 2012, November 30, 2012, January 18, 2013, and March 5, 2013, Watson filed motions to amend

---

[1] The proper respondent to a habeas petition is the petitioner's custodian. Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 2717-18, 159 L. Ed. 2d 513 (2004). Petitioner is now confined at the HCCF and his custodian is HCCF Warden Michael Donahue. The Clerk is directed to terminate WTSP Warden Dwight Barbee as a party to this case and to record Michael Donahue as Respondent.

and supplement his petition. (D.E. 9, 23, 25, 26 & 28.) The motions to amend and supplement are GRANTED.

On August 31 and November 5, 2012, Petitioner submitted motions for entry of default judgment. (D.E. 7 & 21.) When he filed the first motion for entry of default, the Court had not yet ordered the Respondent to answer the petition. Respondent requested and received an extension of time to file the answer, which was timely filed on November 2, 2012. (D.E. 19.) The motions for entry of default are DENIED.

On September 17, 2013, Watson filed a motion to correct the docket because his first motion for entry of default had not been docketed properly as a separate motion. (D.E. 14.) The Clerk corrected the oversight. The motion is DENIED as MOOT.

IT IS SO ORDERED this 1st day of August 2013.

                                            s/ J. Daniel Breen
                                            J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE