IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TIMOTHY WATSON,

    Petitioner,

v.                                                        No. 12-1131-JDB

TAMMY FORD,

    Respondent.

_____

ORDER DENYING MOTION FOR TRIAL DATE and/or EVIDENTIARY HEARING
(D.E. 47.)
and
GRANTING MOTION FOR INSTANTER RULING
(D.E. 48.)
_____

On May 23, 2012, Petitioner, Timothy Watson, Tennessee Department of Correction prisoner number 221443, an inmate at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee, filed a habeas corpus petition under 28 U.S.C. §2254, along with a motion for leave to proceed *in forma pauperis*. (Docket Entry ("D.E.") 1, 2.) On June 5, 2012, the Court grated the motion for leave to proceed *in forma pauperis*. (D.E. 3.) On August 30, 2012, Petitioner filed an amended petition. (D.E. 9.) On November 9, 2012, Watson requested leave to file an amendment to his petition due to newly discovered evidence. (D.E. 23.) On November 30, 2012, Petitioner moved for leave to amend his reply to Respondent's response in order to include supplemental case law. (D.E. 25.) On January 18, 2013, Watson moved to supplement his reply to Respondent's response and request records. (D.E. 26.) On March 5, 2013, Petitioner moved again to supplement his reply to Respondent's response. (D.E. 28.) The Court granted all of these motions on August 1, 2013. (D.E. 31.) On April 10, 2015, Watson

filed a motion seeking a trial date and/or an evidentiary hearing. (D.E. 47.) On August 7, 2015, Petitioner filed a motion, entitled "Motion for Instanter Ruling on Federal Habeas Corpus Petition." (D.E. 48.) In it, Watson requests that the Court "review the record and evidence in the present case at bar instanter, and that the ruling be issued as soon as possible." (*Id.*)

Habeas petitioners do not have an automatic right to an evidentiary hearing. *Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009) (quoting *Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003)). Whether a trial is warranted in § 2254 cases is controlled by 28 U.S.C. § 2254(e)(2), which states:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>     (A) the claim relies on—
>         (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>         (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>     (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The test for "failed to develop" is defined as a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel" in his or her attempts to discover and present a claim in the state court. *Williams v. Taylor*, 529 U.S. 420, 432 (2000); *Getsy v. Mitchell*, 495 F.3d 295, 310 (6th Cir. 2007) (en banc). Diligence for purposes of § 2254(e)(2) depends upon "whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in the state court." *Williams*, 529 U.S. at 435; *see also McAdoo v. Elo*, 365 F.3d 487, 500 (6th Cir. 2004) ("when a defendant diligently seeks an evidentiary hearing in the state courts in the manner prescribed, but the state courts

2

deny him that opportunity, he can avoid § 2254(e)(2)'s barriers to obtaining a hearing in federal court"); *McFarland v. Yukins*, 356 F.3d 688, 712 (6th Cir. 2004) (same).

The United States Supreme Court has further instructed that reviewing courts should keep in mind the required deference to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *Reynolds v. Bagley*, 498 F.3d 549, 552 (6th Cir. 2007) (citing *Schriro v. Landrigan*, 550 U.S. 465, 474-75 (2007)).

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate. . . . . It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.

*Landrigan*, 550 U.S. at 474. In order to grant an evidentiary hearing, the facts, if fully developed, would not have led the district court to believe that federal habeas relief was appropriate. *Cornwell v. Bradshaw*, 559 F.3d 398, 410 (6th Cir. 2009). However, "bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring . . . an evidentiary hearing." *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (quoting *Stanford v. Parker*, 266 F.3d 442 (6th Cir. 2001)).

Here, Petitioner has not shown that an evidentiary hearing is required. Watson's motion does not refer to what he seeks to prove or why an evidentiary hearing would allow him to prove his factual allegations. (D.E. 47.) For support of his motion for a hearing, Petitioner only states: 1) because the Court has granted several of his motions, this would indicate that his claims have merit; and 2) his allegation of due process are well pled. (*Id.*) These conclusory statements do not begin to meet the standard for granting a hearing. From the motion, it is not apparent what

3

facts Watson could prove in a hearing that would entitle him to relief. Accordingly, the motion for an evidentiary hearing (D.E. 47) is DENIED.

The motion to have the Court issue a ruling as soon as possible (D.E. 48.) is GRANTED. The Court will issue a ruling as soon as is practical.

IT IS SO ORDERED this 31st day of March 2016.

                                                  s/ J. Daniel Breen
                                                  CHIEF UNITED STATES DISTRICT JUDGE