IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TIMOTHY C. WATSON,

Petitioner,

v.                                                                                              No. 12-1131

TAMMY FORD,

Respondent.

**ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT**

Before the Court is the October 17, 2016 pro se "Motion to Reconsider" filed by Petitioner, Timothy C. Watson. (Docket Entry ("D.E.") 66.) Respondent, Tammy Ford, filed a response opposing the motion on November 1, 2016, (D.E. 68), and Watson has filed a reply (D.E. 73). For the reasons that follow, Petitioner's motion is DENIED.

Watson, an inmate housed at Whiteville Correctional Facility ("WCF"), previously filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("2254 Petition") against Ford, Warden of WCF, (D.E. 2), which this Court denied on September 12, 2016 (D.E. 64). In his 2254 Petition, Watson attacked his state court conviction for two counts of selling .5 grams or more of cocaine, raising six allegations of constitutional violations, including three claims of ineffective assistance of trial counsel. (D.E. 2.) Additionally, he claimed that post-conviction counsel had a conflict of interest, that the trial court improperly allowed him to proceed pro se without conducting a competency evaluation, and that he was prejudiced by the lost transcript of the hearing where he was questioned about his competency to proceed pro se. (*Id.*) After review, this Court concluded that five of Watson's claims were procedurally barred because he

had not presented them to the Tennessee Court of Criminal Appeals and had not shown cause for this failure. (D.E. 64 at PageID 1386.) With respect to the remaining claim—that his post-conviction counsel had a conflict of interest—this Court also denied relief, noting that the issue was supported only by conclusory allegations and without any evidence. (*Id.* at PageID 1378.) Following that determination, Watson filed the instant "Motion to Reconsider" his 2254 Petition.

"Many pro se petitioners file inartfully drafted post-conviction motions, without specifying the legal basis for the requested relief. District courts, in an effort to assist pro se litigants unaware of the applicable statutory framework, often recharacterize such filings . . . ." *United States v. McDonald*, 326 F. App'x 880, 882 (6th Cir. 2009) (quoting *In re Shelton*, 295 F.3d 620, 621 (6th Cir. 2002)). Watson's motion is most properly considered as a Rule 59(e) motion to alter or amend judgment. Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to "alter or amend a judgment" within "28 days after entry." The Rule's purpose "is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (internal quotation marks omitted). "A Rule 59(e) motion may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Besser v. Sepanak*, 478 F. App'x 1001, 1001 (6th Cir. 2012).

Although not stated explicitly as such in his motion, the Court construes Petitioner's claim as one of newly discovered evidence. In his motion, Watson stated that he had attached documents which showed that his post-conviction counsel, Charles Kelly, had a conflict of interest "that grossly deprived [him] of his Due Process Rights" in state post-conviction proceedings. (D.E. 66 at PageID 1390.) As mentioned above, Petitioner made this claim in his 2254 Petition but included no evidence to support it. As an exhibit to the instant motion, Watson

submitted a document filed by the attorney in state court. (D.E. 66-1.) That document is entitled "Petition for Review" and was filed while Kelly was representing Watson's trial attorney, Martin Howie, in a matter before the Tennessee Board of Professional Responsibility ("TBPR"). (*Id.*) This, Petitioner avers, proves that Kelly was simultaneously representing Howie and Watson during the course of the latter's post-conviction proceedings. (D.E. 66 at PageID 1390.) In his reply, Watson suggests that this conflict of interest motivated Kelly's decision not to call Howie to testify at the post-conviction evidentiary hearing. (D.E. 73 at PageID 1439.)

However, although this document supports Watson's contention that Kelly represented Howie before the TBPR, he does not explain how that fact supports his motion or entitles him to relief. The attorney represented Watson in his post-conviction proceedings in 2010, (D.E. 64 at PageID 1369-71), but the "Petition for Review" in Howie's case was not filed until May 27, 2011 (D.E. 66-1). Consequently, this evidence does not support Watson's contention that there was a conflict of interest at the time Kelly represented him.

Moreover, a claim that post-conviction counsel was ineffective is viable in a federal habeas action in an extremely limited factual scenario. Prior to 2012, federal habeas petitioners were barred from proving cause for procedural default with a claim of ineffective assistance of post-conviction counsel. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). However, in that year, the United States Supreme Court adopted a narrow exception to this prohibition. *See Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In *Martinez*, the Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings [could] establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315.

However, as discussed in this Court's previous order, *Martinez* is inapplicable to the instant case. Petitioner's procedural default resulted from his filing an untimely pro se petition

for post-conviction relief. (*See* D.E. 64 at PageID 1386, n.12.) Kelly was not appointed until *after* the procedural default occurred and thus was not the cause of it. Therefore, Watson's motion to alter or amend is not well-taken and is DENIED.11

IT IS SO ORDERED this 10th day of November 2016.

s/ J. DANIEL BREEN<br>
CHIEF UNITED STATES DISTRICT JUDGE